# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVARISTUS MACKEY, | ) |
| Petitioner, | ) |
| vs. | ) Civil No. 06-370-WDS-PMF |
| BUREAU OF PRISONS, et al., | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

**Frazier, Magistrate Judge:**

This case is before the Court on Evaristus Mackey's § 2241 petition for a writ of habeas corpus (Doc. No. 1). Mackey challenges the Bureau of Prisons' classification decision, claiming that improper use of a point system resulted in unconstitutional assignment to a penitentiary. He challenges the application of a policy outlined in Program Statement 5100.7, claiming that issues outside the Bureau's jurisdiction were resolved and that good time credits were lost. He seeks recalculation of his custody status without counting points for certain factors; restoration of good time credits lost after November, 2001; and a transfer to a medium security facility. Respondent asserts a variety of reasons for denying habeas relief (Doc. No. 10).

**I.   Background**

In 2001, Mackey was convicted in the United States District Court for the Eastern District of Louisiana of three federal firearms offenses. He was sentenced to serve a 327-month term of imprisonment. He served the first part of his sentence at USP-Pollock, Louisiana and USP-Lewisburg, Pennsylvania. While confined at those institutions, he received approximately 27 disciplinary reports, some of which resulted in sanctions, including revocation of good time credits. Mackey was subsequently confined at USP-Marion, Illinois and USP-Hazelton, West Virginia. He is currently housed at USP-Victorville, California.

The Bureau of Prisons classifies prisoners and reviews those decisions using a policy outlined in a program statement. One version of that policy, PS 5100.07, has been updated; the current version is PS 5100.08. The policy employs a point system taking into account a variety of factors, such as detainers, the current offense, prior commitments, and any history of escape or violence. After data is entered into the system and points are tabulated, a mathematical matrix is applied in an effort to reflect the inmate's adjustment to institutional life. The resulting point total or "score" serves as a recommendation to the unit team and warden, who ultimately make custody decisions.

Mackey's custody classification was assessed pursuant to these policies and reviewed at various times. Data entered into the system in May, 2003, produced a security score of 25, in the "high" range. Data entered in March and December, 2005, also produced security scores in the "high" range. In March, 2006, Mackey's security/custody level was rated as "high/max."

During his confinement, Mackey filed a number of administrative remedy forms. He completed all available levels of review with respect to his claim that his custody status was unconstitutional. In particular, Mackey asked the BOP to recalculate the points used in connection with his classification, claiming that information regarding state offenses should be excluded. The BOP decided that information describing Mackey's background was properly considered in selecting the appropriate custody assignment. The Bureau of Prisons has calculated Mackey's good conduct credits at 54 days and projects that he will satisfy his sentence in February, 2025.

**II.     Exhaustion of Administrative Remedies**

Respondent argues that Mackey failed to exhaust his administrative remedies with respect to certain aspects of his claim or that he procedurally defaulted aspects that are unrelated to classification scoring. In support of this position, respondent refers to Administrative remedy request 386243-A2, the corresponding response, a summary of 68 submissions, and one other

2

remedy which is not identified.

Inmates are generally required to exhaust their administrative remedies before seeking habeas relief in federal court. *Richmond v. Scibana*, 387 F.3d 602 (7th Cir. 2004); *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989). However, due to scant information and inadequate discussion of relevant facts, the merit of this argument cannot be assessed.

### III.  Mootness

Respondent also suggests that Mackey's claim is moot. He notes that PS 5100.08 became effective in September, 2006. He points out that the new version of the policy rescinds or replaces the former policy challenged in Mackey's petition. This position is not supported by a discussion of relevant facts or legal authority. It is not considered.

### IV.  Absence of a Liberty Interest

Respondent also argues that Macky did not suffer a constitutional deprivation, noting that inmates do not have a liberty interest in decisions regarding custody classifications. Mackey responds that his penitentiary confinement is unconstitutional because the Bureau of Prisons decided his custody level without proper standing or subject matter jurisdiction (Doc. No. 11).

A writ of habeas corpus may be granted if Mackey is in custody in violation of the Constitution or treaties or laws of the United States. 28 U.S.C. § 2241(c)(3). The Attorney General, through the Bureau of Prisons, determines appropriate housing for federal offenders. 18 U.S.C. § 4081. Mackey's due process rights do not extend to any particular security classification or prison facility assignment. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983).

Mackey challenges the scope of the Bureau's inquiry, claiming that the Bureau has no standing or subject matter jurisdiction to assess matters governed by state laws. The Court is not persuaded that the Bureau's inquiry exceeded any Constitutional restriction. Furthermore, the Court finds no grounds that could support a finding that Mackey, a federal prisoner, had a protected liberty interest in avoiding assignment to a federal penitentiary. *See Wilkinson v. Austin*, 545 U.S. 209 (2005)(describing conditions causing atypical and significant hardship in a state prison system).

Mackey may be suggesting that adverse decisions regarding his custody classification increased the length of his confinement. In his petition, he suggests that there may be a link between his custody classification and sanctions depriving him of good time credits (Doc. No. 1, pp. 8-9). The materials submitted do not demonstrate any such connection.

## V.     Inaccurate data

Mackey may also be claiming that custody decisions were based on some inaccurate statements regarding his history, resulting in erroneous point totals. This aspect of his claim is civil in nature and does not alter the length of his confinement. A challenge to the accuracy of data is not properly raised in this § 2241 habeas petition. This aspect of Mackey's petition should be dismissed without prejudice.

## VI.    Conclusion

IT IS RECOMMENDED that Evaristus Mackey's § 2241 habeas petition be DENIED. This action should be DISMISSED without prejudice to Mackey's right to challenge the accuracy of his prison records in appropriate civil litigation.

SUBMITTED:  **April 21, 2008** .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**

**UNITED STATES MAGISTRATE JUDGE**