# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVARISTUS MACKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 06-CV-370-WDS |
| ) | |
| BUREAU OF PRISONS and ) | |
| BRIAN A. BLEDSOE, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a report and recommendation of Magistrate Judge Philip M. Frazier (Doc. 13) that this Court deny petitioner's motion for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1). In response, petitioner has filed an objection (Doc. 18) and a supplemental objection (Doc. 21).

## BACKGROUND

In 2001, petitioner was convicted in the United States District Court for the Eastern District of Louisiana of three federal firearms offenses. He was sentenced to serve a 327-month term of imprisonment. While confined at USP-Pollock, Louisiana and USP-Lewisburg, Pennsylvania, petitioner received approximately 27 disciplinary reports, some of which resulted in sanctions, including revocation of good time credits. Petitioner was subsequently confined at USP-Marion, Illinois and USP-Hazelton, West Virginia. He is currently housed at USP-Victoria, California.

The Bureau of Prisons (BOP) classifies prisoners and reviews those decisions using a policy outlined in a program statement. One version of that policy, PS 5100.07, has been

updated; the current version being PS 5100.08. This policy employs a point system which takes into account a variety of factors, such as detainers, the current offense, prior commitments, and any history of escape or violence. After data is entered into the system and points are tabulated, a mathematical matrix is applied in an effort to reflect the inmate's adjustment to institutional life. The resulting point total or "score" serves as a recommendation to the unit team and warden, who ultimately make custody decisions. *Id.*

Petitioner's custody classification was assessed pursuant to these policies and reviewed at various times. Data entered into the system in May 2003, produced a security score of 25, which is in the "high" range. Data entered in March and December 2005, also produced security scores in the "high" range. In March 2006, petitioner's security/custody level was rated as "high/max."

During his confinement, petitioner filed a number of administrative remedy forms. He completed all available levels of review with respect to his claim that his custody status was unconstitutional. In particular, petitioner asked the BOP to recalculate the points used in connection with his classification, claiming that information regarding state offenses should be excluded. The BOP decided that information describing petitioner's background was properly considered in selecting the appropriate custody assignment. The BOP has calculated petitioner's good conduct credits at 54 days and projects that he will satisfy his sentence in February 2025.

Petitioner filed his petition on May 11, 2006. The Court construes petitioner's motion to state the following claims:

1. The policy governing the BOP's prisoner classification system, PS 5100.07, is unconstitutionally broad and vague.

2. The BOP erred in classifying petitioner under the Violent Crime Control and Law

Enforcement Act of 1994, 18 U.S.C. § 4042(B), as petitioner was convicted of being a felon in possession of a firearm under § 922(g)(1), an offense not meeting the definition of a "crime of violence" under Federal Sentencing Guidelines. *See Stinson v. United States*, 508 U.S. 36 (1993).

      3. The BOP wrongly enhanced petitioner's custody classification score based on his convictions for criminal offenses under the state laws of Louisiana and Oklahoma.

      4. The BOP erred in assigning petitioner a variance for "absolutely nothing at all."

      5. The BOP violated petitioner's constitutional rights by housing him in a maximum security prison as a result of its inaccurate classification.

      6. The BOP failed to maintain accurate information.

Petitioner seeks to have his custody classification score recalculated and to have restored the good conduct time credits allegedly lost as a result of the BOP's failure to classify him properly.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241. The Seventh Circuit clarified the relationship between the type of action now before the Court and one brought for relief from civil rights violations pursuant to 42 U.S.C. § 1983. *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991). The *Graham* Court explained:

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody–whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probations, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation–then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is

3

challenging is more restrictive than the alternative that he seeks.
*Id.* at 381.

The primary thrust of petitioner's claim here is that the BOP is wrongly housing him in a maximum security prison based on its erroneous calculation of his prison classification score. What the petitioner seeks in this case, though, is a change in the location of his confinement (e.g., from a maximum security location or environment to a less restrictive one), not a change in the quantum of his confinement. Petitioner is not challenging the propriety of his confinement, but rather the conditions under which he is confined, which are matters properly raised in a § 1983 suit. Therefore, the Court cannot grant the relief that petitioner seeks under § 2241.

Although courts sometimes construe a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), this Court cannot do so here, as petitioner must first survive preliminary review for cases brought pursuant to the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Accordingly, the Court **DISMISSES** plaintiff's habeas corpus petition (Doc. 1) without prejudice. The Court notes that petitioner may seek leave to properly re-file this action as a civil rights case in the district in which he is currently confined.

**IT IS SO ORDERED.**

**DATED: March 24, 2009.**

                                                  **s/ WILLIAM D. STIEHL**
                                                           **District Judge**