# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVARISTUS MACKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-cv-370-WDS |
| ) | |
| BUREAU OF PRISONS, and WARDEN ) | |
| BLEDSOE, ) | |
| ) | |
| Respondents. ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion for a copy of the petition (Doc. 1) he previously filed in this case (Doc. 32). Petitioner previously requested copies of all of the documents relating to his case, but submitted no proof of his financial status (Doc. 30), and this Court denied his request (Doc. 31).

This Court previously denied without prejudice petitioner's motion for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, (Doc. 22), and the Seventh Circuit Court of Appeals summarily affirmed the decision (Doc. 29). Petitioner was not challenging the propriety of his confinement, but rather the conditions under which he was confined, which the Court instructed were matters that would be more properly raised in a 42 U.S.C. § 1983 suit (Doc. 22). The Court noted that petitioner may seek leave to properly re-file the action as a civil rights case in the district in which he is currently confined (Doc. 22).

Petitioner asserts that he would like to further pursue this matter but cannot do so because all of his documents are missing. Furthermore, in his previous motion, petitioner informed the Court

that he has been in Administrative Segregation and the "Special Management Program," where he is on "lock-down" for twenty-three (23) hours of the day and only allowed limited property. Petitioner was recently allowed to see his property, and he noticed that the documents related to this case were missing. He requests a copy of the petition filed in his case and has attached his prison trust fund account statement as proof that he is unable to pay for a copy of the requested document.

"Petitioner may receive photocopies of pleadings, documents, and papers filed in his case- whether filed by Plaintiff or any other party-but only upon tendering the appropriate fees and costs to the Clerk of Court." *Wilkins v. Illinois Dept. of Corrections*, No. 08-cv-732-JPG, 2009 WL 4894588 at *1 (S.D. Ill. December 11, 2009). According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. Although petitioner's *in forma pauperis* status allowed him to proceed without prepayment of the filing fee, "it does not allow him to automatically have a free copy of every pleading, document, or paper electronically filed with this Court," but, the Court may waive the copying fees for good cause shown. *Wilkins*, 2009 WL 4894588 at *1; *see also, In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("Although the plaintiff was granted leave to proceed in the district court as a pauper, that status waives only prepayment of fees and costs and security .... It does not give the litigant a right to have the documents copied and returned to him at government expense.").

Plaintiff's prison trust fund account statement, (Doc. 32, attachment 1) indicates that he is unable to pay the copying fees necessary to obtain a photocopy of his petition (Doc. 1). Upon consideration of petitioner's circumstances, the Court, hereby, **GRANTS** petitioner's motion for a

photocopy of his petition (Doc. 32).  The Clerk of Court is **DIRECTED** to supply petitioner with a photocopy of the original petition (Doc. 1) filed in this case without prepayment of the copying charges.  Petitioner must take notice, however, that he should not rely on the Court waiving these fees as a means of regularly obtaining copies of the pleadings, documents, and papers related to his case.  *Wilkins*, 2009 WL 4894588 at *2.

**IT IS SO ORDERED**

**DATE:   April 1, 2011**

                                      **/s/  WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**